Neff et al. *v.* Gorman et al., Appellants.

Argued January 19, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Theodore Lane Bean,* for appellants.—As there was no general scheme of development of the Stadelman lands, and the restrictions imposed on the lots in the Bala Avenue Plan were not uniform, the appellees are not entitled to enforce the restriction contained in the deed under which appellants claim: Ladner v. Siegel, 294 Pa. 360.

188

In any event, appellees cannot enforce literally the restrictions in the deed under which appellants claim, but only to the extent to which they themselves are restricted,—i. e., as against offensive business only.

There has been such a material change in the condition of the neighborhood since the execution of the deeds under which the parties claim, as to preclude appellees from enforcing the restrictions in the deed under which appellants claim: Orne v. Fridenberg, 143 Pa. 487; Landell v. Hamilton, 175 Pa. 327; Phillips v. Donaldson, 269 Pa. 244, 250.

And while a service station is a nuisance in a purely residential section, it is not so in a section which has been invaded by business enterprises: Phillips v. Donaldson, 269 Pa. 244; Krocker v. Planing Mill Co., 274 Pa. 143; Houghton v. Kendrick, 285 Pa. 223; Unger v. Edgewood Garage, 287 Pa. 14; Burke v. Hollinger, 296 Pa. 510; Ladner v. Siegel, 296 Pa. 579; Collins v. Iron Works, 227 Pa. 326.

The business carried on on appellants' lot is not an offensive business within the meaning of the restrictions in the deeds under which the parties claim: Burke v. Hollinger, 296 Pa. 510; Nesbit v. Riesenman, 298 Pa. 475.

*Charles Townley Larzelere,* with him *Franklin L. Wright* and *Federico F. Mauck,* for appellees.—Slight variations in detail between the restrictions are not material so long as the restrictions are consistent with the same general scheme of development: Clark v. Martin, 49 Pa. 289; Blood v. Crew-Levick Co., 177 Pa. 620; Ladner v. Siegel, 294 Pa. 360; Morrow v. Traction Co., 219 Pa. 619.

When the place and the acts are admitted, it has been determined by the courts that certain unavoidable, inherent characteristics of the business injuriously affect health and property; in these cases, the averment of the act or an attempt to perform it in a place forbidden is

all that is necessary: Penna. Co. v. Sun Co., 290 Pa. 404; Hunter v. Wood, 277 Pa. 150; Carney v. Oil Co., 291 Pa. 371.

Equity will restrain the violation of a restriction, notwithstanding a change of the use of the land in the neighborhood, so long as the restriction remains of substantial value to the owner of the dominant estate: Hunter v. Wood, 277 Pa. 150, 152; Landell v. Hamilton, 175 Pa. 327, 337; Phillips v. Donaldson, 269 Pa. 244, 246.

OPINION BY MR. CHIEF JUSTICE FRAZER, March 16, 1931:

Plaintiffs by their bill seek to enjoin defendants from maintaining and operating a gasoline and automobile service station on property owned by Mrs. Gorman at the northeast corner of Bala and City Line Avenues in Bala, Montgomery County. The court below granted the injunction, from which decree defendants appealed.

Plaintiffs own properties on the southwest side of Bala Avenue north of City Line Avenue, and defendant Mrs. Gorman owns property, diagonally across the street, on which the service station complained of is situated. The lots of both plaintiffs and defendants were part of a tract of land, owned by Jacob L. Stadelman, which in 1883 he plotted into 23 lots fronting on Bala Avenue, "constituting a separate and distinct development laid out as such and intended for high-class dwellings." Twenty-two of the lots on the original plot, including the properties of plaintiffs Neff and Logan, were sold under deeds restricting them as follows: "Under and subject however to the express condition and restriction that no tavern or building for the sale or manufacture of beer or liquor of any kind or description, no courthouses, slaughterhouse,......or building for offensive business shall at any time be erected, used or occupied on any part of the hereby granted premises. And that no dwelling house to cost less than $3,500 shall

be erected thereon, the main building of which, piazza excepted, shall not be nearer than 40 feet to the southwest side line of said Bala Avenue, the said space of 40 feet to be and forever remain an open space, unobstructed, except as above excepted, by buildings of any kind." In the deed to the corner property owned by defendant Mrs. Gorman, the restriction is the same except a requirement that the dwelling house to be erected on the lot shall cost not less than $5,000 and that "no building for business of any nature or kind whatever, shall be erected, used or occupied on any part of the hereby granted premises, and......shall not be [located] nearer than forty feet to the northeast side line of said Bala Avenue, or the northeast side line of said City Avenue. The said spaces of forty feet to be and forever remain open spaces unobstructed except as above excepted by buildings of any kind."

The Reilly deed contains no such restrictive clauses, and the court below held Mrs. Reilly was accordingly without standing in the present action.

The chancellor found that the gasoline and service station, consisting of an office and storeroom addition to the front of the Gorman house, together with four gasoline pumps, three of them within 15 feet of Bala Avenue, and an oiling and greasing platform, had been erected in the 40 feet open space reserved in the Gorman deed; that, as operated, the station "interferes to some degree with the comfort, convenience and rest" of plaintiffs, and that it depreciated the value of their properties, in a neighborhood intended to be and which now is and always has been residential. All of which is abundantly supported by evidence.

Defendants urge that a dissimilarity, as above shown, in the restrictions in the respective deeds, and also the fact that the Stadelman entire tract of land was not sold under such restrictions, renders the limitation clauses ineffective. First, we may call attention to the fact that, though the restrictive provisions as to the

character of buildings to be erected on the lots differ, the clause providing for a forty-foot open space in each instance is identical. The settled rule, however, is that, "If enough appears in the deed to show grantor's general intent that the deeds should contain restrictions in favor of different lots, against designated uses of the premises, it is immaterial that such restrictions are differently expressed in different deeds" (18 C. J. 384) ; and that "An owner of land may impose any restrictions not prohibited by public policy upon the part granted, for the benefit of the remainder, and it is no defense to an action to enforce such covenants that similar ones were not imposed upon the sale of other parcels": 18 C. J. 386. In discussing this subject of mutual rights of grantees, this court said in Ladner v. Siegel, 294 Pa. 360, 366, that even "though there be no plot, it is . . . . . . permissible to show that there were limitations applicable to all the land included within a general scheme of development, as a result of which the purchase was made, and the grantees will then be entitled to equitable protection" citing authorities.

Further, whether we apply the comprehensive term "any business," used in defendant Gorman's deed, or merely the words "offensive business," appearing in plaintiffs' deeds, we arrive at the same conclusion, for, as said in Carney v. Penn Oil Co., 291 Pa. 371, 379, while "a public service station . . . . . . is not a nuisance per se, [it] becomes a nuisance in fact when conducted in a residential neighborhood"; and in Walnut & Quince Streets Corp. v. Mills et al., 303 Pa. 25, we said: "An eyesore in a neighborhood might be as much a public nuisance and as ruinous to property values in the neighborhood generally as a disagreeable noise or odor, or a menace to safety or health. The difference is not in principle but only in degree." This point of view is particularly apropos in the present case, where, in addition to providing against the location of an "offensive" business on Bala Avenue, the court below rightly found,

based on sufficient evidence, that "The manifest object and purpose of the parties in providing for the forty-foot open spaces was to obtain a uniform building line, to insure light, air and view, and to protect and preserve the lots for residential purposes. To permit defendants to maintain the [service station] in [its] present location would defeat the very purpose and intent of the building restrictions [contained in the deeds]: Dewar v. Carson, 259 Pa. 599."

Defendants contend also that the character of the neighborhood has so changed since the date of the deeds that the restrictive clauses are no longer effective. They point, in support of this contention, to other businesses established in the neighborhood, two on restricted property, others across City Line Avenue within the limits of the City of Philadelphia, close to Bala Station on unrestricted ground. As to this situation, the evidence shows and the chancellor correctly found that the coal and lumber yards, although established on restricted property, in the rear of the public school lot and on the line of the Pennsylvania Railroad, could not justly be termed "offensive," and that "the change in the character of the locality has not been such as to preclude the plaintiffs from enforcing the restrictions in the deed under which defendants claim."

That the chancellor's adjudication is not strictly in conformance with our Rule 67, is immaterial in this case; his findings of facts and conclusions of law are definitely stated and are sustained by the evidence.

The decree of the court below is affirmed at the cost of appellants.