## Peirce, Appellant, *v.* Kelner, Appellant.

Argued April 24, 1931. Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Walter Biddle Saul,* of *Saul, Ewing, Remick & Saul,*
for appellant, Jeannette Trevor Peirce.—If Tulpehocken
Street is to be classified into one of the three types of
residential districts described in Burke v. Hollinger, it
is submitted it must be classified in either the first or
second class, in which a garage is a nuisance per se, and
will be restrained. It is not and cannot be described as
a neighborhood of hotels, boarding houses, fraternities,
clubs, hospitals and the like.

If a garage with accommodations for 90 or 100 cars
were built, the situation would be many times worse
than is described in George v. Goodovich, 288 Pa. 48.

An apartment home is within the building restriction:
Dewar v. Carson, 259 Pa. 599; Murphy v. Ahlberg, 252
Pa. 267.

*Henry Arronson,* with him *Simon Pearl,* for appel-
lant, Bernard Kelner.—The entire proposed structure
including the automobile storage space will concededly

not constitute more than one building and accordingly that portion of the structure to be used for storage of automobiles cannot be said to violate any part of the building restriction on the eighty-foot strip of defendant's ground.

It is clear that the portion of the apartment house to be used for the storage of automobiles will not violate either the letter or the spirit of the building restrictions in so far as the expression "offensive use or occupation" is concerned: Nesbit v. Riesenman, 298 Pa. 475; Ladner v. Siegel, 298 Pa. 487; Francis v. Dean, 80 Pa. Superior Ct. 108.

A covenant that the improvement on a lot shall consist of only one building does not preclude the erection of the contemplated apartment house.

Any kind of building devoted exclusively to residence purposes, including an apartment house structure, may be erected under a covenant limiting the use of the property to residence uses only, or for the erection of dwelling house or dwelling houses: Hamnet v. Born, 247 Pa. 418; Johnson v. Jones, 244 Pa. 386.

The use of the words "private stable" in limiting the character of the stables which might be erected cannot be construed as limiting or restricting the character of the "one building" that may be constructed upon the tract covered by the restriction: Satterthwait v. Gibbs, 288 Pa. 428.

The proposed multiple residence property is in no respect prohibited by the restrictive covenant covering 80 feet of defendant's property.

OPINION BY MR. JUSTICE KEPHART, May 25, 1931:

The plaintiff is the owner and occupier of a private dwelling house situate on the south side of Tulpehocken Street between Wayne Avenue and Greene Street, in Germantown, Philadelphia, with a frontage of 80 feet. Defendant owns the adjoining residence property on the east with a frontage of 205 feet, and intends to erect on

the lot a seven-story apartment house with one hundred and twenty housekeeping apartments, with garage in the rear to accommodate eighty cars. The eighty feet of defendant's property adjoining plaintiff's is subject to a building restriction. A bill was filed to enjoin the erection of the garage as a nuisance in that neighborhood, and the erection of the apartment house and garage as a violation of the restriction. The court below enjoined building a garage on the eighty feet subject to the building restriction, but denied an injunction against building the apartment house as a violation of the restriction and permitted the erection of a garage within the apartment house on that part of the land not subject to the restriction. Both parties appeal.

We stated in Burke v. Hollinger, 296 Pa. 510, 524, that on appeals on an order of the court below in garage cases, "the decision of the court below will control unless there is an abuse of discretion or a misapplication of our rules to admitted facts," and in Nesbit et al. v. Riesenman et al., 298 Pa. 475, 485, "The decision whether a locality is given over more to business than residence lies in the sound discretion of the court below, and, like any finding in equity, where there is evidence to support it, we will not interfere with the conclusion reached."

The court below found that the neighborhood was not so residential in character that the operation of a garage would be a nuisance per se but that it might become so by the manner in which it was conducted. As there is evidence to support this conclusion, the finding of the court below is conclusive.

The second question presented by the appeals is the effect of a building restriction. It reads as follows: "Under and subject nevertheless to the express condition, restriction and agreement that no livery stable, glue, soap, candle or starch manufactory, tavern or drinking saloon, carpenter shop or other building for offensive use and occupation shall ever be erected or placed upon any part of the hereby granted lot of ground

and that not more than one building other than a private stable and necessary outbuildings shall ever be erected or placed upon said lot of ground."

It is argued that the building restriction does not embrace within its terms a garage on the eighty-foot strip, and that it does not prohibit the erection of an apartment house. We have recently stated in many cases the rules relative to the interpretation of restrictions, and that a construction should not be adopted that would defeat the intention of the parties. Words should be taken in their common rather than their technical meaning.

Defendant Kelner complains that a garage is not within the terms of the restriction. This has been definitely settled in the case of Neff v. Gorman, 303 Pa. 186, in an opinion by Mr. Chief Justice FRAZER. There the restriction reads: "Under and subject however to the express condition and restriction that no tavern or building for the sale or manufacture of beer or liquor of any kind or description, no courthouse, slaughterhouse, blacksmith, currier or machine shop, poudrette, neatsfoot oil, lamp black or gun powder manufactory, starch, soap, candle, glue or bone-boiling establishment where steam power is used, or building for offensive business shall at any time be erected, used or occupied on any part of the hereby granted premises." While this is not exactly the language of the present covenant, the difference is slight, and the decision was based mainly on the words "offensive business." We agree with the court below that this garage located next to the complainant's property on the eighty feet would be an offensive use within the terms of the covenant. The restriction here in question entails a more limited use of land than if it was free of the restriction and the question were one of nuisance under our cases.

But the restriction as to such use does not operate outside the specific land involved and the court below properly held from the evidence before it that a garage on

another part of defendant's land, not covered by the restriction, for use of the apartment owners would not be a nuisance per se. This finding is especially justified by the fact that there are numerous large garages in the vicinity, one of them situated immediately across the street from the proposed location of defendant's garage.

Plaintiff argues that "one building other than a private stable and necessary outbuildings" has reference to a single family dwelling or residence and not an apartment house. A careful review of the authorities, in this as well as other jurisdictions, relating to the use of the words "dwelling house" leads us to conclude that a restriction of this nature does not exclude the erection of an apartment house but embraces this type of dwelling within its modern signification. We held in Johnson v. Jones, 244 Pa. 386, that a covenant restricting premises to the erection of a "church or dwelling house," did not forbid a four-story apartment house, and in Hamnett v. Born, 247 Pa. 418, a restriction that "not more than one dwelling house shall be erected or maintained on each forty feet of land," was held not transgressed by a duplex house designed for the occupancy of two families under one roof. "An apartment house is not a hotel, but is a building used as a dwelling for several families, each living separate and apart": Satterthwait v. Gibbs, 288 Pa. 428, 433.

The authorities are numerous that a covenant to erect only one building does not forbid the erection of an apartment house. Nor does the limitation "private stable" aid the restriction so as to limit the building to a dwelling house because a stable is usually associated with the use of a dwelling. A limitation in a conveyance, coming after a prior grant of an unlimited right, will not avail to cut down the unlimited right unless the intent to do so is clearly expressed. Restrictions in deeds deal with property rights. They do not arise, nor can they be enforced, unless they appear in express terms. A subsequent clause to extend the scope of the

operation of the restriction must be expressed in clear and explicit language. There is no such intention clearly expressed in this deed: Satterthwait v. Gibbs, supra, at page 433. See South Church v. Madison Avenue Building Co., Inc., 163 N. Y. App. Div. 359.

Reservations upon the use of land are never favored by the law; hence it follows that such provisions are never to be extended by implication: DeSanno v. Earle, 273 Pa. 265, 270; Dewar v. Carson, 259 Pa. 599, 603. "Covenants restricting the use of land are construed most strongly against one claiming their benefit and in favor of free and unrestricted use of property; a violation of the covenant occurs only when there is a plain disregard of the limitations imposed by its express words...... It does not extend to limitations arising by implication: Taylor v. Lambert, 279 Pa. 514; St. Andrew's Lutheran Church's App., 67 Pa. 512; Francis v. Dean, 80 Pa. Superior Ct. 108": Satterthwait v. Gibbs, supra, at page 431. Plaintiff argues that the covenant was in effect a residential restriction. This contention was upheld in Dewar v. Carson, 259 Pa. 599, where the restriction read, "no dwelling house or other building of any kind, shall ever be erected or placed on said lot within twenty feet of the line of California Avenue, but that a space of twenty feet, as aforesaid, shall always be left open and clear of all buildings or parts of buildings whatsoever." The court, foreseeing what would occur if tracks, poles, trolley wires, and cars should be put in use in the restricted area, held such use was equivalent to a building, and that the real effect of the restriction was to leave an open space. Complainant urges that we should declare the erection of an apartment house in this neighborhood with a garage therein a nuisance. Without elaborating on the many cases in reference to such buildings, the chancellor's finding of fact now referred to stands in the way of any such expression. Apartment houses have been constructed and operated in this immediate neighborhood

without serious complaint being made as to their method of construction or operation. While a great deal of the neighborhood is residential in character, its tendency is towards the upgrowth of apartment houses rather than private individual residences. There is no evidence of recent sales of properties on Tulpehocken Street for private residence purposes. All inquiries appear to be with reference to apartment house sites. Neither complainant nor any persons of her family have stated in court that there was anything offensive about the management or operation of the garage on Pastorius Street opposite the rear of defendant's property, and nearly opposite complainant's property. Other large garages are to be found in the immediate vicinity. The apartment house contemplated by defendant would not be a use of the property which would be dangerous, noxious or offensive to neighboring inhabitants.

The decree of the court below is affirmed, the costs in each appeal to be paid by appellant therein.