## All Saints Church in Wynnewood v. Fuchs et al.

*High, Dettra & Swartz*, for complainant.
*Fox & McTighe*, for respondents.

KNIGHT, P. J., December 5, 1939. . . .

[Defendant, Mary S. Fuchs, had, at the time of the institution of this action, entered into a contract with the other defendant, Fuchs Construction Company, for the erection of an apartment house on premises owned

by her in Lower Merion Township, Montgomery County, Pa. A portion of said premises had been acquired by her subject to restrictions imposed by deed in 1911 against, inter alia, the erection of an apartment house thereon. The balance of the premises was subject to no such restriction, and the apartment building was to be erected entirely on the unrestricted portion. However, in order to obtain a permit authorizing the erection of the apartment building from the Township of Lower Merion, the Fuchs Construction Company was required to include, as a part of the curtilage or ground included in the plan submitted with its application for a permit, a part of the premises subject to the restriction.

Plaintiff, a neighboring land owner, filed a bill in equity to restrain defendants from proceeding with the erection of the apartment building, claiming that it constituted a violation of the restrictions in the deed.]

In approaching the question before us, it must be conceded that defendant could not erect her building on any part of the restricted land. It must also be conceded that defendant could not be restrained from building an apartment house on her unrestricted land.

The building ordinance of Lower Merion is what makes the difficulty. If this ordinance were not in effect, defendant could proceed with her building. This ordinance was passed long after the restrictions were imposed, and could not have been contemplated by the parties imposing them. What was then the intent of the parties as shown by the restrictions?

It was that no building should be placed upon the restricted land except a church and a dwelling house. The fact that the ordinance requires that a portion of the restricted land must be included in the curtilage of the apartment house does not violate this intent, so long as the restricted land is not built upon.

The law favors the free and unrestricted use of real estate, and hence, covenants imposing restrictions and fixing limitations upon the use of land have been strictly

construed. They are not to be extended or enlarged by implication or inference.

It was the intent of the restrictions that the land described in the deed imposing them was to be left open and unbuilt upon except for certain mentioned buildings. These restrictions cannot be extended by the building ordinance and made to apply to unrestricted land.

Defendant, Mary S. Fuchs, is the owner of restricted and unrestricted land. She intends to put her unrestricted land to a legal and permitted use, but she is required by law to include her restricted land as part of the open space around her proposed apartment house. This in no wise affects the restrictions; they are still in full virtue, and may be enforced if she attempts to build upon any portion of the restricted land.

We hold it equally true that she may build on her unrestricted land without breaking the covenants contained by reference in her deed to the restricted land. The covenants speak of buildings and the use of buildings, and so long as the land described in the deed creating the restriction is left unbilt upon, except for the structures mentioned in the covenants, the true intent of the restrictions is not violated.

We have not been able to find any case on all fours with this.

In Peirce v. Kelner, 304 Pa. 509, we find a set of facts very similar to the facts before us, with the exception that there the intending builder was not required by any ordinance to include the restricted land in the curtilage of the proposed apartment house. The above case is authority, however, that building restrictions do not operate ouside of the specific land involved. Here we hold the specific land involved is the land described in the deed creating the restrictions.

*Conclusions of law*

The bill should be dismissed.

Plaintiff should pay the costs.

*Decree nisi*

And now, December 5, 1939, it is ordered, adjudged, and decreed, that the prothonotary mark these conclusions of law, filed, to become a part of the record of the case, and enter the following decree nisi:

The bill is dismissed at the cost of plaintiff.

Notice to be given by the prothonotary as required by the rules of equity practice, that unless exceptions shall be filed to this adjudication, within ten days from this date, the decree nisi will become the final decree as of course.