J. P. HUFFMAN AND WIFE FLORENCE HUFFMAN, J. E. DIVELBISS, JR., W. BRYAN CARTER, LEO FINKELSTEIN, R. M. BURAN, ROBERT E. HIPPS, C. T. JOHNSON, MRS. DICK BRIGGS, LEILA R. OGDEN, C. L. KELLOGG, MABEL C. WILSON AND EMANUEL T. LINN, FOR THEM- SELVES AND ALL OTHER LANDOWNERS WITHIN LAKE VIEW PARK DEVEL- OPMENT WHO MAY COME IN AND MAKE THEMSELVES PARTIES PLAINTIFF, v. SARAH TAYLOR JOHNSON AND HUSBAND, ROBERT H. JOHNSON.

(Filed 24 September, 1952.)

**Deeds § 16b—**

Evidence tending to show that defendants rented out two rooms in their house after certain improvements or alterations had been made, but that the roomers had no kitchen facilities and took all of their meals at restau- rants and other places outside the residence, is held insufficient to be sub- mitted to the jury upon the issue as to whether defendants had converted their residence into an "apartment house" in violation of covenants re- stricting use of the property in the area to one family dwellings.

APPEAL by plaintiffs from Bobbitt, J., April 1952 Mixed Term, BUNCOMBE. Affirmed.

This is a civil action commenced for the purpose of restraining the defendants from violating the restrictions set forth in the general plan of development of Lake View Park, and for a mandatory injunction direct- ing said defendants to reconvert their residence into a one-family dwelling house.

The plaintiffs are owners of lots and homes in Block O of Lake View Park, a restricted residential subdivision located in the city of Asheville, a plat of which subdivision is of record in the office of the Register of Deeds for Buncombe County in Plat Book 4, at page 140. The defendants took title to Lot 531, in Block O, of said subdivision, by deed dated 24 November, 1944.

The complaint sets forth in detail the general plan of development of Lake View Park, including the restrictive covenants affecting said develop- ment, which restrictions are in part as follows: "That they will not erect . . . on the land above described any . . . apartment house, . . . two-family dwelling house, . . . or at any time use or suffer to be used any build- ing or buildings erected thereon for any such purpose." The only allega- tion of a violation of the restrictive covenants is paragraph 12 of the complaint, which reads as follows: "That on or about the month of

December, 1945, the defendants violated the restrictions set forth in the general plan of development of Lake View Park and breached their contract to comply with the same, by beginning the conversion of said one-family dwelling house into an apartment house, and completed said conversion on or about the month of January, 1946, making of said one-family dwelling house an apartment house or building, and have maintained and now maintain said building as such, in plain and clear violation of said restrictions and in breach of said contract." The case was tried below with that allegation as the only basis for the relief sought.

At the close of plaintiffs' evidence, the defendants' motion for judgment as of nonsuit was sustained. Plaintiffs excepted and appealed, assigning errors.

*Bernard & Parker and J. Y. Jordan, Jr., for plaintiffs, appellants.*

*Sam M. Cathey, James S. Howell, and Oscar Stanton for defendants, appellees.*

VALENTINE, J. The taproot of plaintiffs' case is nestled in the allegation that defendants have violated the restrictive covenants of Lake View Park by converting their residence into and maintaining it as an apartment house. Conceding without deciding that the restrictive covenants of Lake View Park are subsisting and binding upon the defendants, this single question is presented for decision here: Is the evidence in the record, taken as true and liberally construed in favor of the plaintiffs, sufficient to take the case to the jury upon the issues properly raised?

In order for plaintiffs to make good their allegation, they must offer evidence tending to show that the defendants have so altered their residence as to convert it into an apartment house within the meaning of that term.

The definition of an "apartment house" varies somewhat depending upon the surrounding circumstances, but that term invariably connotes a house constructed with separate apartments for more than one family or at least a house that is constructed larger than necessary for one family and suitable for occupancy and independent housekeeping by more than one family. 3 C.J.S. 1422, and cases there cited. It has been uniformly held that an apartment house is a building used as a dwelling for several families, each living separate and apart. *DeLaney v. VanNess,* 193 N.C. 721, 138 S.E. 28; *Satterthwait v. Gibbs,* 135 Atl. 862. For general annotations, see 14 A.L.R. 2d 1380 *et seq.*

The plaintiffs' evidence tends to show that the defendants purchased Lot 531, in Block O, of Lake View Park, upon which was situate a story and a half residence with a reasonably full size basement. The basement contained a coal-burning heating plant and a garage. The first floor or

main part of the residence consisted of a large living room, dining room or alcove, kitchen, bedroom, bath and patio porch on the back. The second floor or attic consisted of bedroom and bath.

Mrs. Johnson, one of the defendants, who was called as a witness for the plaintiffs, testified that when they purchased the property, the door from the basement opened into the living room above the position of the furnace in the basement, so that when the furnace was serviced, disagreeable fumes and smoke would rise up in the living room and when it rained the basement would overflow and become muddy and mud would be tracked up the steps into the main part of the house. The defendants, realizing these conditions and after examining the basement of a newer house built by one of the plaintiffs in the same block, decided to partition off the furnace in their basement, to damp-proof the walls, to cover the floor with asphalt tile, and otherwise improve the basement so that it could be used by their twelve year old son as a play room and as a place to entertain his young friends. These improvements included the installation of a shower and toilet for the convenience of their son and his friends. The defendants' son has grown to manhood and is now in the army, and soon after he went into the armed forces, someone broke in and stole a lot of things. Mrs. Johnson's husband and codefendant is a traveling man and is away from home a good part of the time. This fact and the fright of burglars caused Mrs. Johnson to feel the need of having some protection in the house. She requested a gentleman friend of the family to come and occupy the basement as a bedroom and be there for protection at night. To obviate the necessity of having a man as the only other person in the house and feeling the need of the companionship of another lady, Mrs. Johnson requested a lady friend of the family to occupy the bedroom in the garret. The gentleman who has a bedroom in the basement pays rent some of the time and the other time as compensation for his room acts as handy-man around the house, firing the furnace, keeping the plumbing and other appliances in order, mowing the lawn and keeping the grounds. The lady who occupies the bedroom in the attic pays rent ten months in the year and the other two months occupies the room rent free and cares for the house while the owners are away. There is no kitchen or other housekeeping equipment in the basement or in the attic. Both roomers take all their meals at restaurants and other places outside the residence of the defendants.

There was no evidence of sufficient housekeeping space or facilities to accommodate a family in either the basement or the attic. Indeed, all of the evidence on this subject, most of which was elicited from one of the defendants and the roomer who occupies the basement, tended to show that the house was not used by more than one family nor as an apartment house.

Accepting all of plaintiffs' evidence as true and measuring it by the yardstick of liberality required upon motions for judgment as of nonsuit, we must conclude that there is not sufficient evidence to take the case to the jury and that the judgment of nonsuit was properly entered.

The ruling of the court below is

Affirmed.