In the Matter of PHILIP MATURI, Petitioner, against JOHN J. BALINT, as Superintendent of Buildings of the City of Yonkers, Respondent.

Supreme Court, Special Term, Westchester County, November 24, 1953.

*John J. McQuade* for petitioner.

*J. Raymond Hannon, Corporation Counsel*, for respondent.

GALLAGHER, J. This is a proceeding under article 78 of the Civil Practice Act to compel the superintendent of buildings of the city of Yonkers to issue a building permit.

Petitioner's application proposes to erect a building of two stories containing thirty-two rooms, a laundry and workroom, a boiler room, a kitchen and dining room and office space. Each room contains a cabinette unit with sink, range, refrigerator and cabinets, and each room has a toilet and shower. The rooms can be made interconnecting in pairs. Parking is provided for thirty-six automobiles. The property is located in a BA zone. The permit has been refused on the ground the structure is a motel which is not a permitted use in any district.

In BA districts there are allowed, among other uses, those allowed in any residential district. In multi-family residence districts there are allowed apartment houses and hotels in some

districts. Consequently, apartment houses or hotels are allowed in BA districts. As last amended by Yonkers General Ordinance No. 32 of 1949, both apartment houses and hotels are defined, the former as '' a building arranged, intended or designed to be occupied by three or more families living independently of each other as separate housekeeping units ''. A hotel is defined as '' a building arranged, intended or designed to be occupied, for compensation, by three or more individuals or groups of individuals living independently but having a common heating system and a general dining room ''.

The instant application, if it does not meet the definition of an apartment, certainly meets the definition of a hotel.

It is true that the instant amendment was adopted prior to the elaboration of the motel or motor court in recent years. The more modern of these structures would appear to be a simplified hotel for purely transient trade. The one at bar certainly comes within the above definition of a hotel. If the municipality seeks to differentiate between different types of hotels, it must do so specifically by ordinance. The ordinance before the court does not do so. The building for which a permit is here sought is clearly within the permitted uses of the ordinance. Petition granted. Submit order on two days' notice.