## West Hills Lounge, Inc. License

*Dominic Ciarimboli*, for appellant.

*John W. Pollins, 3rd,* Special Assistant Attorney, for Pennsylvania Liquor Control Board.

SCULCO, J., October 26, 1971.—Before the court is the appeal of West Hills Lounge, Inc., Route 30, R. D. 6, Greensburg, Westmoreland County, Pa., from an order of the Pennsylvania Liquor Control Board, dated July 14, 1971, being citation no. 107, 1971, imposing a fine of $100 when proof is furnished that the

direct connection between the licensed premises and bowling alley has been eliminated and the fine paid on or before August 2, 1971, and in the event proof is not furnished that the direct connection between the licensed premises and bowling alley has been eliminated, and the fine not paid on or before August 2, 1971, the board shall suspend or revoke the license. . . .

## FINDINGS OF FACT

1. That the charge made by the Pennsylvania Liquor Control Board at Citation No. 107 of 1971 is as follows:

"The licensed establishment had an inside passage or communication to or with a public place of amusement."

2. That this finding by the Pennsylvania Liquor Control Board is not supported by competent evidence as revealed in the record at the hearing before the court on October 12, 1971, nor by results of a personal view of the premises by this court on the day of hearing, to wit, October 12, 1971, accompanied by counsel for the Commonwealth of Pennsylvania and counsel for petitioner.

3. The licensed premises of petitioner, and the business conducted thereunder, is but part of a three-fold business establishment known as "West Hills"; that the nature of the three businesses are as follows:

(a) bowling center
(b) food business
(c) a liquor or lounge business

4. That each of the above listed businesses function as independently operated divisions of West Hills, complete with independent accounting records and cash flow channels.

5. That the glass enclosure appended to the east

side of the building in question is merely an enclosure of a pre-existing patio area which is approximately 10' x 20' is constructed entirely of glass, is not heated and is not an integral part of the structure of the building.

6. That the said glass enclosure is primarily a protection against inclement weather.

7. That there is no other inside passage or communication between the licensed premises herein and the area where the bowling business is conducted within the meaning of 47 PS §463(a) of the Pennsylvania Liquor Code.

## DISCUSSION

The licensed premises of petitioner, and the business conducted thereunder, is but part of the three-fold business establishment known as "West Hills." The business conducts a bowling center, a food business and a liquor or lounge business licensed by the Pennsylvania Liquor Control Board. Two alleged passageways or communications were involved in the findings of the Pennsylvania Liquor Control Board. They were as follows:

1. A door leading from the bowling center area to the coffee shop area, which is a nonlicensed area.

2. A glass enclosure situate at the east side of the building wherein the public can enter from the outside through a set of glass double doors, and thence enter either the bowling area through a second set of double doors, or enter the lounge through a third single door.

As to the first alleged passageway described above, the Pennsylvania Liquor Control Board felt that pedestrians could utilize passageway through the kitchen upon entering the coffee shop from the bowling center

to effect transit from the lounge to the bowling center and vice versa. The kitchen is situated between the nonlicensed coffee shop and the licensed lounge. While it is true that one can physically move from the bowling center into the coffee shop, and from there across back-counter space through the private area of the kitchen, then through a storage area, and then through a door into the lounge, this route does not constitute a "passage or communication" as contemplated by section 463(a) of the Pennsylvania Liquor Code of April 12, 1951, P. L. 90, as amended, 47 PS §4-463.

In Longo Liquor License Case, 183 Pa. Superior Ct. 504, 132 A. 2d 899, the court stated that the words "passage or communication" contemplates a direct and immediate means of access from one to the other, a way which exists for the convenience of two related and connecting establishments. The circuitous means one must employ to physically move from the bowling center to the lounge through the kitchen is neither direct nor immediate, nor does it constitute a way existing solely for the convenience of the separate and independent operations of the bowling center and the lounge. To assume that public traffic is permitted or anticipated by passage through the kitchen, because of the peculiar layout of premises in question, is unreasonable and arbitrary. In fact, there is no pedestrial traffic trespassing the privacy of the kitchen. Thus, the court does not find the kitchen provides "passageway or communication" within the intention of the legislature as expressed in section 463(a) of the Pennsylvania Liquor Code.

As to the second alleged passageway involving the glass enclosure hereinabove described, this court finds that this glass-enclosed area does not constitute an inside "passage or communication" to or with a public place of amusement. In the Levin Liquor License Case, 196 Pa. Superior Ct. 328, 175 A. 2d 336 (1961), it was

established that a public foyer or common lobby in a commercial building, offering direct access from the sidewalk both to a place of amusement and to a licensed establishment, each independently operated, is not a passage or communication within the prohibition of section 463(a) of the Liquor Code. Further, in the same case, the court made the following statements concerning the public policy which this court thinks appropriate to the facts in this case:

" 'But substantial changes have come about since 1881 and 1900 in our social customs, modes of living, and community development. Both sexes, from an early age, whether as spectators, competitors, or participants, now engage in almost every variety of diversion, entertainment, recreation and sport. The ladies have entered almost all fields of business and employment. The increasing density of population has required community expansion vertically as well as horizontally, and therefrom has resulted a heterogeneous conglomeration, in a confined area, of commercial and recreational enterprises. Controlled community development through municipal planning and zoning has brought about the shopping center, through the segregation of all commercial activities, including restaurants, to defined and confined areas, frequently all in one building. The public highway and thoroughfare has, in effect if not in law, been extended into the automobile parking areas, the patios, corridors and foyers, of such centers and expansive commercial buildings, whereon the doors of the shops, restaurants, and recreational enterprises open, as in earlier years they did, upon the public sidewalks of our communities.' "

This court finds nothing in the evidence presented to contradict the fact that the glass enclosure is, in fact, a foyer or lobby. Petitioner, in an effort to correct a foul weather problem, enclosed in glass a pre-existing

patio, thereby establishing a lobby or foyer through which both bowling customers or lounge customers could enter from the outside. The construction of said glass enclosure did not involve an addition or material change to the existing structure, but merely utilized the existing configuration of the building to provide for a weather-protected, nonheated shelter of sufficiently substantial size to constitute a lobby or foyer in the objective sense.

Concerning the issue of the separateness of the businesses as conducted at "West Hills," this court is aware of the fact that the court in the Levin Liquor License Case gave recognition to the independent operations or separate businesses as the facts therein indicated. However, it is also clear to this court that the petitioner's system of maintaining separate physical facilities, separate records and separate cash flow systems for each of the businesses heretofore described, constitutes sufficiently independent operations as to adequately control and isolate liquor traffic within the spirit and intent of the Liquor Code. This court further contends that the public interest or public policy as affected by the facts in this case is neither offended nor violated in any way; that the degree of separateness of the business affairs as conducted by petitioner conforms to the intent of the Liquor Code and to require some additional legal separateness as, for example, a second corporation or some such other entity, would be a specious act.

We, therefore, enter the following

## DECREE

And now, to wit, October 26, 1971, after hearing and after due and careful consideration, it is ordered, adjudged and decreed that the appeal be sustained and the citation of the Pennsylvania Liquor Control Board

at Number 107, 1971, and the order entered thereon imposing a fine of $100 upon West Hills Lounge, Inc., when proof was furnished that the direct connection between the licensed premises and bowling alley has been eliminated and the fine paid on or about August 2, 1971, and in the event proof is not furnished that the direct connection between the licensed premises and bowling alley has been eliminated, and the fine not paid on or before August 2, 1971, the board shall suspend or revoke the license, is hereby reversed and dismissed.