Kerry Coal Company, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued December 9, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, CRAIG, MACPHAIL, WILLIAMS, JR. and PALLADINO.

*Steven L. Friedman,* with him *Stephen C. Braverman, Dilworth, Paxson, Kalish, Levy & Kauffman,* for petitioner.

*Elissa A. Parker,* Assistant Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., January 29, 1981:

Petitioner appeals from an order of the Environmental Hearing Board (Board) upholding conditions imposed by respondent Department of Environmental Resources (Department) on petitioner's surface mining operations. We reverse and remand.

On April 15, 1977 petitioner applied to the Department for an amendment to a 1975 mine drainage permit and on June 28, 1977 for a surface mining permit in order to conduct surface mining operations at a proposed site in Lawrence County. The proposed mining site is adjacent to McConnell's Mill State Park. On July 7, 1977 the Department issued the surface mining and mine drainage permits authorizing the surface mining, subject to the condition that it not affect any area within 300 feet of McConnell's Mill State Park unless a variance is first obtained from the Department.

Petitioner filed timely appeals from the imposition of the condition. The board dismissed petitioner's appeals and ruled that Section 4.2(c) of the Surface Mining Conservation and Reclamation Act (Act), Act of May 31, 1945, P.L. 1198, *as amended,* 52 P.S. §1396.4b(c), required petitioner to obtain a variance from the Department prior to conducting surface mining operations within 300 feet of McConnell's Mill State Park.[1]

Section 4.2(c) of the Act, 52 P.S. §1396.4b(c) provides in pertinent part:

[N]o operator shall open any pit for surface mining operations (other than borrow pits for

---

[1] The Department also argues that Section 77.92(a)(5) of the Environmental Quality Board regulations, 25 Pa. Code §77.92(a)(5), prohibits mining within 300 feet of a park. This regulation uses the same language as Section 4.2(c) of the Act and has the same problem of interpretation as that section.

highway construction purposes) within one hundred feet of the outside line of the right-of-way of any public highway or *within three hundred feet* of any occupied dwelling house, unless released by the owner thereof, or *any public building, school, park or community or institutional building* or within one hundred feet of any cemetery, or of the bank of any stream. The secretary may grant operators variances to the distance requirements herein established where he is satisfied that special circumstances warrant such exceptions and that the interest of the public and landowners affected thereby will be adequately protected. (Emphasis supplied.)

In its appeal to this Court, petitioner contends that Section 4.2(c) of the Act does not require petitioner to obtain a variance prior to conducting surface mining operations within 300 feet of McConnell's Mill State Park. Petitioner argues that the word "park" must be read as an adjective modifying the word "building" and that "park buildings" are the subject of the special statutory protection. We agree.

We believe that the legislature has shown its intention in this section to apply the restriction limitation of 100 feet when it refers to property or geographic lines, *i.e.*, right of way of public highway, cemetery, or bank of any stream. On the other hand, the restriction is 300 feet when applied to structures, *i.e.*, occupied dwelling house, any public building, school, park or community or institutional building. It is of further significance that the structures are grouped together. At oral argument counsel for the Department agreed the "community" could only be interpreted as "community building."

Accordingly, we will enter the following

ORDER

AND NOW, January 29, 1981, the order of the Environmental Hearing Board, docketed to No. 77-083-C and 77-084-C, dated March 9, 1979, dismissing the appeals of Kerry Coal Company from the imposition by the Department of Environmental Resources of special conditions in Surface Mining Permit No. 41-36(A) and Mine Drainage Permit No. 3174SM3 (amended), is reversed. The record is remanded to the Environmental Hearing Board for the reissuance of Surface Mining Permit No. 41-36(A) and Mine Drainage Permit No. 3174SM (amended) consistent with this decision.

---

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent.

It seems to me that the majority opinion contravenes a fundamental principle of statutory construction which requires that "[e]very statute shall be construed, if possible, to give effect to all its provisions." Section 1972(a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(a).

In the phrase which is here in question: *i.e.*, "or any public building, school, *park* or community or institutional building" (emphasis added), the majority opinion construes the word "park" as meaning only buildings within a park. This construction, however, would render the word "park" as surplusage, for buildings within a park would already fall within the protection afforded by the first words of the phrase "any public building". Like the word "school" in the same phrase, the word "park" normally encompasses both buildings and land, so that the majority's reason-

ing would render both words redundant here, a result which I do not believe that the legislature could have intended.

I believe that the word "park" as used here must be given the liberal construction required by Section 1928(c) of the Statutory Construction Act of 1972, 1 Pa. C. S. 1928(c), and that only such construction can accomplish the policy of the legislation here in question, which is stated to be "providing for the conservation and improvement of *areas of land* affected in the mining of bituminous coal ..., to aid thereby in the protection of birds and wildlife ... and generally to improve the use and enjoyment of said lands." (Emphasis added.) Section 1 of the Act, 52 P.S. §1396.1.

I further believe that the words in the phrase in question: *i.e.*, "public building, school, park", refer to three distinct objects of protection, and are then followed by a fourth such object described as "[any] community or institutional building". If only park buildings or only school buildings were to be protected, the word "building" would logically have been inserted after the word "school" and the word "park" just as it was inserted after the words "community or institutional". On the other hand, I believe that these latter words "community or institutional" were clearly intended to be and are adjectives modifying the following word "building", while the words "school" and "park" were just as clearly intended to be and are nouns just as is the first protected category "any public building".

Granted that the sentence construction here might have been more felicitous, it seems to me that we are bound by the rules of statutory construction to conform to the interpretation reached by the Department.

In addition, I believe that the provisions of Section 1921(c)(8) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(c)(8) and the decisional law as set

forth in *Longo Liquor License Case,* 183 Pa. Superior Ct. 504, 132 A.2d 899 (1957) and *Federal Deposit Insurance Corp. v. Board of Finance and Revenue,* 368 Pa. 463, 84 A.2d 495 (1951) should be dispositive of the proper interpretation to be given to Section 4.2(c). Those cases instruct us that not only is the Department's interpretation of the statute entitled to great weight because it is charged with the application and execution of the statute, but as well that its interpretation should not be disregarded or overturned except for cogent reasons *"and unless it is clear* that such construction is erroneous." *Longo Liquor License Case, supra* (emphasis added). It seems to me that there is nothing in the majority opinion which would indicate that the Department's interpretation is "clearly erroneous". Rather, I believe that the majority opinion indicates that the statutory language is subject to two interpretations, either of which could be supported gramatically. In such circumstances, I think the Department's interpretation must prevail.

Finally, it must be observed that the decision of the Environmental Hearing Board upholding the Department's interpretation does not prevent the petitioner from engaging in mining operations within 300 feet of the park's limits. Rather, the decision only requires the petitioner to apply for a variance. An arbitrary or capricious disposition of such an application by the Department, of course, would be subject to our review.

I would hold, therefore, that the decision of the Environmental Hearing Board should be affirmed.

Judges MENCER, MACPHAIL and WILLIAMS, JR. join in this dissent.