Grant, Hutcheson Co. et al., Appellants, *v.* Pa. Securities Commission.

Penn Bridge Co., Appellants, *v.* Pa. Securities Commission.

Western Oil & Refining Co., Appellants, *v.* Pa. Securities Commission.

Submitted May 26, 1930. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

148

*Douglass D. Storey* and *Hause, Evans & Baker,* for appellant, in No. 1.

*William H. Earnest, W. G. Negley, Homer H. Swaney* and *Sterling G. McNees,* for appellant, in No. 2.

*Sterling G. McNees,* for appellant, in No. 3.

No book for appellee.

OPINION BY MR. JUSTICE WALLING, June 21, 1930:

These three appeals hinge on a single question which requires but one opinion. That question is the proper construction of certain provisions of the Pennsylvania Securities Commission Act of April 13, 1927, P. L. 273. In each case a sworn application was filed, as required by section five of the act, whereby the applicant requested registration as a dealer in securities. The commission, after hearing at which testimony was submitted, made written reports and, for reasons given, refused each application. Thereupon the respective parties appealed to the Court of Common Pleas of Dauphin County. Upon due consideration, the appeals were dismissed on the sole ground that under the statute the registration could only be granted for the calendar year in which the application was filed, which had expired before the final action of the commission.

In our opinion, this is a mistaken view of the statute. True, when the registration is granted as provided in section seven of the act, it is for the current calendar

year only. But by fair construction, the year is that of the registration and not necessarily of the application, which is for registration and not for registration in or for any particular year. It is not like an application for a license which must state the year or time for which it is asked. The calendar year is mentioned in the section relating to the registration and not in that relating to the application.

Furthermore, it has been the practice of the commission to finally dispose of applications, as was done in the instant cases, without limit as to the year in which they were originally filed. This practice is entitled to weight in the construction of the statute. See U. S. v. State of Minn., 270 U. S. 181, 46 Supreme Ct. Reporter 298; Com. v. Mann et al., 168 Pa. 290.

The statute contains no provision avoiding an application unless finally passed upon during the year in which it was filed. To so hold would unduly hamper the work of the commission and do injustice to applicants. Each of the numerous applications must be fully and carefully considered and, when refused, the applicant is entitled to a rehearing and, after final refusal, thirty days in which to appeal to the Dauphin County Court. After that court has heard, considered and decided the case, either the commission or the applicant may appeal to this court, where there must be further hearing, consideration and decision. In a large majority, if not in all, of the cases it would be practically impossible to get a final judicial determination during the calendar year in which the application was filed. There is nothing in the statute to prevent filing the application at any time; in fact, the applications in two of the three cases now before us were filed after the middle of the calendar year; yet, under the construction of the trial court, it would be vain to file an application except during the early months of the year. And in any case a delay by the commission, however caused, would prevent the applicant from securing relief by appeal. A writ of man-

damus, as suggested, to compel the commission to act, would afford no adequate remedy.

Under the construction complained of, should the commission fail to finally decide a case during the calendar year in which the application was filed, it would be dead; and should the commission finally refuse the application within the year, then, on appeal, the Dauphin County Court and on further appeal, this court, must finally decide the case within the year or it would be moot. Happily the statute does not call for a construction producing such a result. The applications are still valid and the several appeals should be disposed of on their merits.

The orders appealed from are reversed and the records are remitted with a procedendo.