YOMA KENZI YOSHIDA, PETITIONER-PROSECUTOR, v. C. W. NICHOLS, RESPONDENT-DEFENDANT.

Submitted October 13, 1933—Decided February 7, 1934.

Before Justices CASE, BODINE and DONGES.

For the petitioner-prosecutor, *David Roskein.*

For the respondent-defendant, *Colie & Colie* (*Frederic R. Colie,* of counsel).

The opinion of the court was delivered by

CASE, J. Yoma Kenzi Yoshida, an employe of C. W. Nichols, was assaulted and injured by Hikisuki Lakamoto, a fellow employe. Yoshida filed a petition for compensation under the Workmen's Compensation act. *Pamph. L.* 1911, *p.* 136; *Cum. Supp. Comp. Stat., p.* 3868, § **236-1, *et seq.* The workmen's compensation bureau found that the injuries were not caused by an accident arising out of the employment and dismissed the petition. On appeal the Essex Common Pleas affirmed that order, and the judgment in the Pleas is now before us on writ of *certiorari.*

Petitioner seeks to present, as the issue, the question, novel in this state, whether an employe injured by a fellow employe in a fight in which the first mentioned is not the aggressor, the fight growing out of an altercation concerning the manner of doing the work of the respective employments, may recover compensation as for an accident arising out of his employment. We think that the facts do not present that issue.

Yoshida was, technically, the butler, and Lakamoto the houseman, and some of their duties dovetailed. There was

a duty upon Yoshida of decorating certain rooms, and upon Lakamoto of decorating certain other rooms, with flowers procurable from the defendant's greenhouse at the hands of the gardener. Yoshida made a request for flowers. Later the gardener left flowers at the house, and Yoshida, understanding that they were intended for him, presently undertook to do his decorating. Missing some of the flowers, Yoshida searched the rooms for which Lakamoto was responsible and recognized the decorations there as "his" flowers; though the flowers were all to come from the same source and how the identification to be made it does not appear. At any rate, he called Lakamoto to task, and the latter, as Yoshida testified, was "mad" at him. That was on September 6th. The record is silent as to what the two did, either generally or with respect to each other, until Yoshida summoned Lakamoto to lunch on September 11th. When Lakamoto, in answer to that call, entered the kitchen where the meal was to be eaten, he asked about a flower basin which, because of house repairs, had been moved to the rooms under his care. A non-provocative reply was given. Lakamoto then caused Yoshida to go out doors and there assaulted him, first with fists and then viciously with a knife.

The prosecutor contends that the assault is directly traceable to the dispute of September 6th, but we do not find the supporting proof. There is no proof of what transpired between the two men either before the incident of the sixth or following that and until the eleventh. Those matters were easily susceptible of full proof.

We are asked to find that Lakamoto made the assault because five days before, he resented something that Yoshida had then said to him; but we conclude that the *causal* connection has not been established either by direct proof or by reasonable inference. In other words, we are unable to trace the act to the employment in terms of causation. That being so, it is beside the point to consider whether, so connected, the act would be an accident arising out of the employment within the meaning of the statute.

Deputy Commissioner Stahl, sitting for the workmen's compensation bureau, found that "the assault was the result

of a personal motive and not the result of a risk of the employment." Judge Van Riper, in the Common Pleas, concluded that the injuries were "the result of a personal feud." Both determined that the injuries did not arise out of the employment. When two independent and distinct tribunals have examined the facts a conclusion so reached should not be lightly disturbed. *Mountain Ice Co.* v. *Durkin,* 6 *N. J. Mis. R.* 1111; 144 *Atl. Rep.* 6; *affirmed,* 105 *N. J. L.* 636; 147 *Atl. Rep.* 451. Our separate study brings us to the finding that neither by direct proof nor by reasonable inference has an accident arising out of the employment been established.

The judgment below will be affirmed, without costs.