NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

HENRY ADOLPH, PETITIONER, v. BREEN IRON WORKS,
NEW JERSEY MANUFACTURERS CASUALTY INSUR-
ANCE COMPANY, RESPONDENT.

Decided March 24, 1939.

For the petitioner, *Hymen M. Goldstein* (*David Roskein,*
of counsel).

For the respondent, *George E. Meredith.*

\*        \*        \*        \*        \*        \*        \*

The undisputed facts as developed in the evidence are
essentially as follows:

The petitioner was shop foreman of the employer respond-
ent charged among his duties with the hiring and firing of
the men employed in his shop.  On May 22d, 1936, he had
occasion to lay off, among other men, one Al Marino.  This
was due to the fact that the work was slowing down and the
employer did not require their services.  Upon so doing, the
employe, Marino, struck the petitioner with his fist, striking
his nose.  This was followed by a second and subsequent blow,
causing the petitioner to fall to the ground.  The occasion
for this assault, I find to be, was in the fulfillment by the peti-
tioner of his required assigned duties.  There is no testimony
to indicate that the assault grew out of any personal issue not

connected with the employment. As such, the assault arose out of and in the course of his employment. I do not feel that a foreman occupies any different status than the ordinary workman. That is, the foreman and the workman are alike, fellow employes, so far as the Compensation act is concerned. My decision in this case is based upon the fact that it was the petitioner's painful, if not unfortunate, duty to tell the workmen that they were being laid off, and that the company no longer required their services. It seems that this particular individual, Marino, was unable to take his lay-off with good grace, but attempted to retaliate by assaulting the petitioner. Such risk is a danger or peril which the petitioner was exposed to and as such, arose out of and in the course of his employment. This is distinguished from the case where assaults among employes arise out of a personal grudge or ill-feeling for reasons not associated with the employment. It is a risk or danger reasonably contemplated by the employer and arises as a result of his employment. *Barrase* v. *Standard Silk Dyeing Co.*, 163 *Atl. Rep.* 439. This case is to be distinguished from the case of *Yoshida* v. *Nichols*, 12 *N. J. Mis R.* 197; 170 *Atl. Rep.* 824, where the assault arose out of ill-feeling between the fellow employes, for reasons unrelated with the employment.

It is not alone sufficient that the injury be received by the employe in the course of his employment, but it must also arise while he was acting within the duties of his employment or in some act incidental thereto. *Bryant* v. *Fissell*, 84 *N. J. L.* 72; 86 *Atl. Rep.* 458. An accident arises "out of the employment" when it is something the risk of which might have been contemplated by a reasonable person, when entering the employment, as incidental to it.

A risk is "incidental to the employment" when it belongs to or is connected with what a workman has to do in fulfilling his contract of service.

A risk may be "incidental to the employment" when it is either an ordinary risk directly connected with the employment, or an extraordinary risk which is only indirectly connected with the employment owing to the special nature of the employment. *Bryant* v. *Fissell, supra.* Under this test,

if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of the" employment.

In *Taylor Coal Co.* v. *Industrial Com.*, 301 *Ill.* 548; 134 *N. E. Rep.* 172, compensation was awarded to a foreman who was injured as a result of a quarrel with an employe over the reduction of the latter's wages about three weeks previous to the shooting.

Where a building employe had been told by the manager that he was discharged, but the manager agreed to talk it over with him on the street, it was held in *Aetna Life Insurance Co.* v. *Windham* (1931, *C. C. A. 5th*), 53 *Fed. Rep.* (*2d*) 984, that an injury sustained on the street by the employe when the manager seized him and jerked him violently, was sustained in the course of his employment.

In *Delco-Remy Corp.* v. *Cotton* (1933), 96 *Ind. App.* 493; 185 *N. E. Rep.* 341, where an inspector of motor parts had trouble with a fellow employe in regard to the condition of parts offered for inspection, and also had a quarrel with the same employe over a political pamphlet, during which both parties used force and the inspector called the employe a vile name, it was held that an injury suffered by the inspector fifteen minutes later when his antagonist threw a mechanical part at him, could be reasonably inferred to have arisen out of the employment.

In *Hansen* v. *Frankfort Chair Co.* (1933), 249 *Ky.* 194; 60 *S. W. Rep.* (*2d*) 349, where the superintendent of a chair factory was struck and injured by a convict laborer following a conversation in which the superintendent expressed dissatisfaction with the assailant's work—and, it was claimed, called him an abusive name, it was held that the injury arose out of claimant's employment.

Where a foreman was assaulted by another employe under his direction in a controversy arising when the foreman inquired of the assailant why he ceased work which he was told to do, it was held that the injury arose out of claimant's employment. *Rydeon* v. *Monarch Furniture Co.* (1925), 240 *N. Y.* 295; 148 *N. E. Rep.* 527.

The testimony further discloses that the petitioner instituted a suit against the said Al Marino, under *R. S.* 34:15-40, covering the credit to be given to the employer on the award against him for the employe's recovery against third party *tort feasors*. *Morris Savitt* v. *L. & F. Construction Co.,* 17 *N. J. Mis. R.* 65; 4 *Atl. Rep. (2d)* 692. The testimony discloses that a judgment of $500 was obtained in the said cause, but the same has not been satisfied. I find that the respondent is not entitled to a deduction or set-off for this amount, in view of the fact that payment of the same has not been made to the petitioner.

From the medical testimony adduced before me, there appearing Dr. Henry Z. Goldstein, on behalf of the petitioner, and Dr. A. C. Ruoff and Dr. Jack Blumberg on behalf of the respondent, I find that as a result of the said accident, the petitioner sustained a fracture of the nose resulting in a deviation of the septum on the right side with an occlusion of the passageways. This has produced definite symptoms and a disability associated with his nose and breathing. As a result of the fracture of the nose, there was created a marked deflection of the septum to the right with a resultant interference in the petitioner's normal breathing process.

I find that the petitioner's temporary disability did not extend beyond the waiting period, and he therefore is not entitled to compensation for temporary disability.

I further find that the petitioner, as a result of the said accident and the subjective and objective evidences of injury and disability resulting therefrom, is entitled to an award equivalent to five per cent. of partial permanent total disability.

\*     \*     \*     \*     \*     \*     \*

JOHN J. STAHL,
*Deputy Commissioner.*