## Cammie *v.* I. T. E. Circuit Breaker Company et al., Appellants.

Argued October 12, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*W. Glenn George,* with him *J. Paul Erwin,* for appellants.

*S. H. Torchia,* with him *Philip J. Franzese,* for appellee.

*David Ullman,* filed a brief as amicus curiae.

OPINION BY BALDRIGE, J., January 28, 1943:

The claimant in this workmen's compensation case was injured in the course of his employment on September 6, 1941, causing him to be disabled on September 7. He worked on September 8 and 9, but was incapa-

citated again as a result of the injury from September 10 to September 21, inclusive. The board held that the claimant was entitled to compensation from September 16, 1941, to and including September 21, 1941, a period of 6/7 weeks. The court below sustained exceptions filed to the board's award and entered judgment in favor of the claimant for compensation at the rate of $18 per week from September 14, 1941, to September 21, 1941, a period of 1 1/7 weeks. The appeal to this court by the employer and the insurance carrier raises but one question: Is the "waiting period" which must elapse before compensation is due for total disability under section 306 of our Workmen's Compensation Act of June 2, 1915, P. L. 736, as last amended by the Act of June 21, 1939, P. L. 520, 77 PS §511 ff., seven calendar days after the beginning of disability, even if during a part of that period the employee suffers no disability, or must there be a total of seven days (not necessarily consecutive) of disability before compensation becomes payable?

The amount involved in this particular appeal is not substantial, but, as stated by appellants and Mr. Ullman, who filed a brief as amicus curiae, this is a test case as the appellate courts have not construed that portion of section 306 now before us.

Section 306(a) as amended by the Act of 1939, supra, makes compensation payable for total disability "for the first five hundred weeks *after the seventh day of total disability.*" (Italics supplied) The same language which we have italicized appears in section 306(b) which pertains to compensation payments for partial disability. Those words are plain and unambiguous. They are identical to those used in the original Act of 1915 except the waiting period has been reduced by amendments from fourteen days to seven days. We think no one could construe their meaning to be other

than before compensation is due there must be seven calendar days of disability.

The controversy before us is due chiefly to clause (d) of section 306, which made its first appearance in the Act of 1939. The claimant relies mainly upon it to support his contention. It provides: "(d) The period of five hundred weeks mentioned in clause (a), three hundred weeks mentioned in clause (b) and the specific periods (or aggregate specific periods, as the case may be) mentioned in clause (c), shall begin to run *seven days after disability begins,* and shall run concurrently ......" (Italics supplied)

Clause (e) reads: "No compensation shall be allowed for the first seven days after disability begins, except as hereinafter provided in clause (f) of this section." This section has been in effect since the original Act of 1915 as 306(d) and has been construed consistently prior to the 1939 Act, supra, by the workmen's compensation authorities to mean the first seven days of disability.

The language used in section 306(d) may at first reading seem to be in conflict with the phrase "after the seventh day of total disability" used in clauses (a) and (b) of section 306, but after a careful consideration of the various clauses to which we have referred, the purpose of the waiting period, the administrative interpretation of this section 306, its legislative history, and the canons of interpretation as set forth in our Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551 ff., it becomes apparent that the legislative intent is that seven days of disability must elapse before compensation becomes payable.

The generally accepted purpose underlying the waiting period of the Workmen's Compensation legislation "is to prevent workmen, who are so inclined, from taking advantage of a slight or imaginary strain, as an excuse for obtaining a few days vacation on half or

two-thirds pay." Schneider, Workmen's Compensation Law (2d Ed.) page 1330, section 399.

Normally an employee who sustains an injury that entitles him to compensation remains disabled for seven consecutive days following the injury. Then there is no practical distinction between "seven days after disability begins" and "after the seventh day of total disability." The legislature no doubt had the usual situation in mind and in our judgment uses these alleged conflicting phrases interchangeably.

It is conceded by all parties that the Workmen's Compensation Board has uniformly interpreted section 306, prior to the Act of 1939, to mean compensation is payable only after seven days of disability have elapsed. It is true that after the Act of 1939, the board in *John Plichter v. A. Raymond,* Appeal No. 27, 183, decided November 20, 1941, held that the waiting period that must elapse before compensation is due a claimant for total disability is seven days, regardless of whether or not the claimant is disabled all of the seven days. That case never reached the courts and the board promptly reversed itself in its opinion filed March 4, 1942 in this case. The consistent construction placed upon this statute by an administrative board charged with its execution, while not controlling, is entitled to great weight: *Grant, Hutcheson Co. v. Penna. Securities Commission,* 301 Pa. 147, 151 A. 702; *Garr v. Fuls et al.,* 286 Pa. 137, 145, 133 A. 150; *Estate of Henry Scheutz, Jr.,* 114 Pa. Superior Ct. 602, 607, 174 A. 832.

As Commissioner Jacoby, in his well reasoned opinion pointed out it is fair assumption that if a different interpretation than that followed by the compensation authorities for many years were intended the legislature, which in the meantime in 1937 and again in 1939 extensively revised our Compensation Act, would have passed remedial legislation and brought all the clauses of section 306 in harmony with each other. The learned

court below laid considerable stress upon clause (d) to support its interpretation asserting that *Barlock v. Orient Coal & Coke Co.*, 319 Pa. 119, 178 A. 840, gives support to its conclusion that compensation payments should begin the seventh day after disability begins. That question was not there involved nor does it seem to have been argued or deliberately considered. It was assumed apparently that disability was coincident with the accident and was thereafter continuous. It was there held in affirming this court (114 Pa. Superior Ct. 228, 173 A. 666) that where an injured employee is compensated under 306(c) for the loss of a leg and later there is a partial disability, separate and distinct from the loss of the leg, three hundred weeks contemplated in 306(b) runs concurrently, not consecutively, with the period fixed in 306(c). See, also, *Melfi v. Dick Construction Co.*, 148 Pa. Superior Ct. 406, 25 A. 2d 743.

Clause (d) of section 306 of the 1939 amendment was a legislative enactment of the law as determined by the appellate courts in the Barlock case and those cases following it. We can but conclude that the primary object of 306 (d) of the Act of 1939, supra, is that under 306 (a), (b), and (c) the periods for payment shall run concurrently. The phrase that compensation "shall begin to run seven days after disability begins" was evidently taken from the earlier acts, which as we have already noted was construed as though it had read "after seven days of disability" had elapsed. After a uniform interpretation of these two clauses by the board for some years our conclusion is that the legislature regarded them as synonymous.

Conflicting clauses in a statute of course must be reconciled if this can be done consistently with the main purposes of the enactment. The court below and both parties have invoked the rule announced in sec-

tion 63 of the Statutory Construction Act of May 28, 1937, supra, 46 PS §563, that where general and special provisions of a law are in conflict and cannot be reconciled, the special provisions prevail unless the general be later enacted, and legislative intent be manifest that the latter shall prevail. See, also, *Waits' Estate*, 336 Pa. 151, 154, 7 A. 2d 329. The discord existing is over which of the provisions in question is special and which is general. The court below sustained appellee's contention that clauses (d) and (e) of section 306 of the 1939 amendment defining the waiting ?period are special and clauses 306 (a) and (b), defining the waiting period as "seven days of disability" are general. We are of the opinion that 306 (d) and (e) are general provisions as they deal with all possible types of disability which are not measured on the same basis; that sections (a) and (b) are special provisions dealing only with total and partial disability respectively.

We are inclined to be of the opinion, however, that the clauses are not entirely irreconcilable and that when all the sections and legislative history are taken into consideration they can be harmonized and mean seven days of disability must elapse before payments become due. It well may be that that construction will better effectuate the general purposes of the Act and will not deprive a deserving claimant of any substantial rights. To require seven days of disability to pass, which is the usual case, while giving another claimant compensation for one or two days loss, if six days intervene between the inception of the disability and its recurrence, does not seem fair and just. In the interest of justice and uniformity there should be an interpretation adopted which will result alike in all cases.

Another well recognized rule of interpretation is that if there is an ambiguous provision in a statute, or if it is fairly susceptible of two constructions, the

injustice, unreasonableness and inconvenience which may follow one construction may properly be considered, and the construction should prevail that will avoid objectionable consequences and advance what is presumed to be its true object and purpose: *Reilly v. City Deposit Bank and Trust Company*, 322 Pa. 577, 582, 185 A. 620.

In *Hudyck v. Wyoming Shovel Works et al.*, 299 Pa. 182, 149 A. 312, claimant lost his left eye in defendant's employ in 1917 and was paid for 125 weeks under 306 (c) ending March 23, 1920. Sympathetic infection from the original injury and loss of his left eye caused the loss of his right eye, resulting in total disability beginning May 23, 1925. The compensation authorities awarded 500 weeks for total disability, *beginning May 23, 1925* less 125 weeks already paid claimant under 306 (c). The employer contended the 500 week period for total disability began to run *fourteen days after the original accident of 1917,* although it had paid no compensation between March 23, 1920 (the end of the 125 week period for loss of the left eye), and March 23, 1925. Rejecting the employer's contention and pointing out that 306 (a) then provided compensation should be payable "for the first 500 weeks after the fourteenth (now seventh) day of total disability," the Supreme Court stated, pages 186, 189: "Such construction would be in plain conflict with the provisions of the act and an absurd perversion of its terms ......
The law explicitly directs that compensation shall begin at any proper date after the fourteenth day of total disability, and not 'on' the fourteenth day after the occurrence of the accident."

We are of the opinion that an interpretation of our Workmen's Compensation Act which requires seven days of disability to elapse before compensation is payable is more in harmony with the general purpose than

254

the construction placed upon the statute by the court below.

Judgment is reversed.