Orville R. HANSON, doing business as Tidy Didy Diaper Service, and U. S. Fidelity and Guaranty Company, a corporation, Plaintiffs,

v.

Henry BENSON, as Commissioner of Labor, J. Gerald Williams, as Attorney General, and Ross P. Duncan, as Insurance Commissioner, comprising Alaska Industrial Board, and Margaret E. Hillman, Defendants.

No. 7972-A.

District Court, Alaska.
First Division, Juneau.
Dec. 22, 1959.

Robert J. Annis (of Robertson, Monagle & Eastaugh), Juneau, Alaska, for plaintiffs.

Frank M. Doogan (of Faulkner, Banfield & Boochever), Juneau, Alaska, for defendant Hillman.

Douglas L. Gregg, Asst. Atty. Gen., for defendant Alaska Industrial Board.

KELLY, District Judge.

This matter comes before this Court upon an appeal by plaintiff employer from the findings and decision of the Alaska Industrial Board, which awarded the applicant employee, Hillman, temporary total disability compensation for the period extending from September 8, 1956, through September 28, 1957.

With respect to the grounds upon which the employer appeals, the facts are undisputed. On or about August 24, 1956, the claimant, Margaret Hillman, was employed as a laundry worker by Orville Hanson, the proprietor of the Tidy Didy Diaper Service, Anchorage, Alaska. The employment was nonseasonal and the claimant's weekly wage was $75. On September 5, 1956, the claimant strained her back while attempting to close the outer door of a diaper washing machine. She continued to work until 3:00 p. m. of the same day and at that time went home. On September 6, 1956, the claimant visited her doctor who advised that she perform only light work. On September 7, 1956, she returned to her work and continued to work until September 29, 1956, when she was discharged from her employment for the reason that she was not efficiently performing her duties. On November 1, 1956, the claimant moved from the State of Alaska to Walnut Creek, California, and resided there until February 1, 1957. On February 1, 1957, the claimant moved from Walnut Creek, California, to Red Wing, Minnesota, and remained there until September 28, 1957. Thus, from the date of the claimant's discharge until the date on which compensation to her was to expire, the claimant resided in the State of Alaska for thirty-two days.

On September 24, 1957, the claimant filed her application for compensation, dated September 18, 1957, at Red Wing, Minnesota. After hearing and award by two members of the Alaska Industrial Board, the employer appealed to the full Alaska Industrial Board and the latter affirmed the findings of the two-member Board in awarding the applicant temporary total disability compensation.

The questions here involved as set forth in this appeal are:

(1) Is the resumption of work before the expiration of the statutory waiting period an absolute bar to compensation?

(2) Should the amount of an award be based upon the applicant's previous low earnings she received while she resided in another state or the earnings she received while she was a resident of the State of Alaska?

(3) May an applicant be awarded compensation for a period during which she received full wages?

With respect to the first question, the plaintiff contends that the defendant claimant is entitled to no compensation in that she was not incapacitated from performing work for a period of three days as required by Sec. 43–3–8, ACLA 1949, as amended, and operative at the time

of the alleged accident. This section provides:

"No compensation shall be paid hereunder for any injury which does not incapacitate the employee from earning full wages for a period of at least three days in addition to the day on which the injury occurred, but if incapacity extends beyond such period compensation shall commence on the third day after the injury. It shall be the duty of every person claiming compensation under the provisions of this Act [chapter] for any injury sustained by him to make or cause to be made, a report thereof to his employer as soon as practicable after sustaining the same, and no compensation shall be paid prior to the day on which such report is made."

■■ The Workmen's Compensation Act should be given a practical construction and application. Jewel Tea Company v. Industrial Commission, 6 Ill.2d 304, 128 N.E.2d 699. The purpose underlying the waiting period of the workmen's compensation legislation is to prevent workmen, who are so inclined, from taking advantage of a slight or imaginary strain, as an excuse for obtaining a few days vacation on half or two-thirds pay. Cammie v. I.T.E. Circuit Breaker Co., 151 Pa.Super. 246, 30 A.2d 225. Some jurisdictions hold that resumption of work before the expiration of the waiting period absolutely bars any claim to compensation. Adolph v. Breen Iron Works, 5 A.2d 310, 17 N.J.Misc. 101. Other jurisdictions whose statutes specify similar waiting periods maintain that where an injury is sufficiently serious to incapacitate an employee for the statutory period, the claimant's return to work before the running of the statutory period is not an absolute bar to compensation. Raffaghelle v. Russell, 103 Kan. 849, 176 P. 640. Those jurisdictions submit that, by the use of expert medical testimony which will expose the malingerer and vindicate those claiming severe injury, the purpose of the waiting period is fulfilled. The latter is the more sensible rule. Therefore, the Court finds that, as a matter of law, the award of the claimant was not erroneous.

With respect to the second issue, the appellant contends that the Board's findings of the claimant's daily average wage earning capacity should not have been based upon the high earnings the claimant received in Alaska but that the claimant's daily average wage earning capacity should have been based upon the lower wages paid to the claimant while she was employed on a part time basis in the State of Florida. In directing its attention exclusively to this issue, the Court is precluded from considering the claimant's subsequent removal to California and Minnesota. If the Board's finding of the daily average wage earning capacity of the claimant, as an Alaskan resident, was supported by the evidence, this contention cannot be sustained. The Workmen's Compensation Act (43–3–1, ACLA 1949) provides that in the case of temporary disability, the employer shall pay a percentage of the average daily wage earning capacity of the employee. The Act further provides that:

"The average daily wage earning capacity of an injured employee in case of temporary disability shall be determined by his actual earnings if such actual earnings fairly and reasonably represent his daily wage earning capacity."

■■ The Court is restricted in its review of the findings of the Board to questions of law and not questions of fact. Hohn v. Alaska Industrial Board, D.C., 150 F.Supp. 519. Only when the finding of the Board is totally unsupported by the evidence so as to be erroneous as a matter of law may the Court then substitute its judgment. The Board found that the claimant's weekly earning capacity was $75. The record discloses that the claimant was actually employed at the rate of $75 per week. This fact, standing alone, demonstrates that the finding of the Board was not totally unsupported by the evidence. That being so, the Court will not substitute its judgment for that of the Board, and thus

affirms the finding of the Board with respect to the earning capacity of the claimant, as a resident of the State of Alaska.

██ Though the appellant has not directed his attention to the matter, the Court is compelled to discuss another issue: Where one, after sustaining a job-incurred injury, removes from the state in which the injury occurred, should the amount of the award of compensation be based upon the pay scales in the state or states to which the claimant removes during the period of compensation? In this jurisdiction, the question is well settled. Where one sustains an injury in the State of Alaska, and then removes to another state, the amount of the award of compensation is determined by the wage rate of the state to which the claimant has removed. Phillips Petroleum Company v. Alaska Industrial Board, 17 Alaska 658. In the instant case, the claimant left the State of Alaska thirty-two days following the date of her discharge. She then resided for three months in Walnut Creek, California. For the remainder of the period of compensation she lived in Red Wing, Minnesota. On the basis of the above rule the daily average wage earning capacity of the claimant should have been proportionately computed according to the pay scales in the areas in which she resided during her period of compensation. The record does not disclose any fact concerning the wage rate in the latter two areas upon which the Board could properly make a finding as to the claimant's daily average wage earning capacity. That being so, the Court finds that the amount of the award of compensation to the claimant was, as a matter of law, erroneous.

██ Finally, the plaintiff contends that even if the award were proper, as this Court has found, the claimant should not be paid compensation for the period in which she accepted full wages. An employer is not liable for compensation in addition to wages paid during the period of time an injured employee returns to work and receives the same rate of pay for the same number of hours of work as before the accident. Daigle v. Higgins Industries, La.App., 29 So.2d 374. The law does not contemplate the payment of compensation in addition to the payment of wages. Moore v. Travelers Insurance Company, La.App., 79 So.2d 507.

Therefore this Court determines:

(1) The Board's finding that the claimant is not barred from compensation because of her resumption of work before the expiration of the statutory waiting period is affirmed.

(2) The amount of compensation awarded by the Board was erroneous as a matter of law and is reversed.

(3) That part of the award which granted to the claimant compensation during the period that she received full wages is reversed.

This matter is remanded to the Alaska Industrial Board to correct its findings and award in accordance with this opinion.