## Insurance Commissioner v. Clawson

*Louis Emanuel Buchanan,* for petitioner.

*Charles D. Cawley, Assistant Attorney General,* for respondent.

*William C. Sennett, Attorney General,* for Commonwealth.

SHELLEY, J., September 9, 1968.—This matter is before us on a petition for review by an employer who objects to the classification of risk of three of his employes for the purposes of workmen's compensation insurance. The proceeding arises under section 654 of The Insurance Company Law of May 17, 1921, P. L. 682, as amended, 40 PS §814.[1]

The three employes are sawmill employes who are engaged exclusively in the sorting and loading of sawmill products. The employer contends that said employes should be assigned to a classification of risk

___

[1] The Insurance Company Law of May 17, 1921, P. L. 682, art. VI, sec. 654, as amended, 40 PS §814 provides:

"The classification of risks . . . shall be proposed annually by one or more rating bureaus . . . subject to supervision and to examination by the Insurance Commissioner and approved by the Insurance Commissioner . . . no employer shall be discriminated against or penalized because of physical impairment of any employe or because of the number of dependents of any employe.

"The classification of risks . . . shall be filed with, and shall be subject to review by the Insurance Commissioner, and the Insurance Commissioner shall by order modify, amend or approve the same. Any person . . . aggrieved by . . . order . . . issued by the Insurance Commissioner may obtain a review . . . before the Insurance Commissioner, and if still aggrieved by such reviewed order . . . may obtain a further review . . . in the Common Pleas Court of Dauphin County . . . by filing in the said court a written petition praying that the order . . . be modified, amended or set aside in whole or in part . . . ".

known as Class 811, Truckmen.[2] However, the Pennsylvania Compensation Rating Bureau (hereinafter referred to as the bureau) assigned said employes to a rate classification known as Class 009, Sawmills and Logging.[3] Class 009 carries a higher insurance rate than Class 811.

Frank W. Clawson, doing business as F. W. Clawson Lumber Company (hereinafter referred to as Clawson), is engaged in the lumber business in Indiana County, Pennsylvania both as an operator of a sawmill (which includes an operation known as logging) and in the lumber brokerage business. In connection with the two businesses, Clawson has three employees who are engaged in the sorting, stacking, loading and unloading of lumber at different locations. It was determined that the employes in question spent 35 percent of their time at the location from which Clawson's brokerage business was conducted, with the remainder of their time, i.e., 65 percent, at sawmill locations, one sawmill being operated by Clawson with his employes; the other being operated by unrelated employers. While the three employes were engaged in the

---

[2] Code 811, Pennsylvania Workmen's Compensation Statistical Plan provides:

"TRUCKMEN—all employees except office . . .

"This classification must include dispatchers and clerks on loading platforms, drivers, chauffeurs and helpers, stablemen, garagemen, blacksmiths, repairmen and riggers, excluding only clerical office.

"Hauling contractors, whether hauling or delivering for one or more than one principal employer, must be classified as truckmen.

"Hauling contractors engaged principally in hauling explosives shall be 'A' rated on application to the Bureau."

[3] Code 009, Pennsylvania Workmen's Compensation Statistical Plan provides:

"SAW MILLS and Logging, including logging R.R.—all employees except office and delivery . . .

"Delivery of mine ties and props and saw mill products must be assigned to Class 811, Truckmen".

sorting and stacking of lumber at sawmill locations, they were acting as "yardmen," such work being incidental to the operation of a sawmill. Said employes also did some loading of delivery trucks at the sawmill locations as well as loading and unloading delivery trucks at the (lumber) brokerage business locations of Clawson.

Following an inspection of the Clawson operation the bureau requested that Class 009, Sawmills and Logging, be applied to the Clawson payroll, including the three employes in question. Accordingly, effective for the insurance policy year commencing March 28, 1965, the bureau established a new rate card applicable to Clawson which provided for the classification, Class 009, eliminating Class 811, Truckmen. Clawson did not object to this classification in general as to his overall business, but requested the right to have a separate classification of Class 811, Truckmen (which carried a lower premium rate), made applicable to the payroll of the three employes who were engaged solely in sorting of lumber and loading of lumber onto trucks.

The request for change in classification of the three employes in question was denied by the bureau. This was followed by an appeal on behalf of Clawson to the Bureau's Classification and Rate Committee. This committee is composed of 8 members representing 8 of the approximately 200 insurance carriers which are members of the bureau. The general manager of the bureau is a member ex officio of this committee, as is the Workmen's Compensation Actuary employed by the Pennsylvania Insurance Department. The appeal was presented to the committee at its meeting held November 1, 1966, and following consideration it was voted by the committee to deny the appeal "for a division of payroll for employees engaged in the sorting and loading of lumber".

In accordance with section 654 of The Insurance

Company Law of 1921, supra, an appeal was taken by Clawson to the Insurance Commissioner of Pennsylvania from the decision of the Classification and Rate Committee of the bureau. The hearing thereon, originally scheduled for February 16, 1967, was rescheduled for March 21, 1967, at the request of the bureau in order to afford it (the bureau) an opportunity to make a further inspection of the business operations of Clawson. The inspection was made and the inspection report, received by the bureau on February 2, 1967, was reviewed and considered at a meeting of the Classification and Rate Committee of the bureau held on February 16, 1967. The committee voted to reaffirm the previous decision that the payroll of the three employes in question was properly assignable to classification, Class 009, Sawmills and Logging. Following the appeal to the Insurance Commissioner, Clawson was advised that the request for change of rate classification of the three employes in question from that of classification, Class 009 to classification, Class 811, was denied. The present appeal followed.

Pursuant to the provisions of section 654 of The Insurance Company Law of 1921, supra, the Pennsylvania Compensation Rating Bureau was established and the bureau, with the approval of the Insurance Commissioner, has set up a manual of rules, classifications and rates for workmen's compensation and employers' liability insurance, which contains approximately 200 rating classifications.

Rule No. 1 of the bureau's rating manual provides:

"1. Payroll. The Compensation rates in this Manual shall be applicable to the remuneration of all employees of the insured without exception, and compensation policies shall not be written except upon the entire payroll of the risk which is the subject of the insurance, which risk shall be divided into risk classes where specifically permitted or directed by these rules,

but not otherwise. Under no circumstances shall a compensation policy be written on any part of a risk leaving another part of the risk uninsured".

The only exceptions to the application of an overall classification to a business or industry are those exceptions which appear in the bureau's rating manual. Three standard exceptions are noted in the rating manual under the heading "STANDARD EXCEPTIONS TO PAYROLL RULES". These exceptions embrace certain categories of employes which are clearly defined and capable of uniform application for all risks, such as clerical office employes, outside salesmen and others. The standard exceptions are not applicable to the present proceeding.

In addition to the standard exceptions, there is an exception contained in Rule No. 4 of the bureau's manual which, in effect, provides for a separate classification where the employer is engaged in more than one "distinct enterprise (meaning thereby businesses which are specifically classified in [the] manual, but not operations incident to the business covered by the governing classification . . .)".

The standard exceptions and the exceptions appearing in Rule No. 4 of the manual, result in two exceptions for risk classification, Class 009, Sawmills and Logging. One exception is "office employes" and the other exception is "delivery". This is set forth in the bureau's printed manual. See footnote 3. The exception as to delivery, noted above, would apply to the sawmill and logging business where the owner and operator of the sawmill and logging business also performed the function and business of delivery of the products from the sawmill, to wit, "mine ties and props and sawmill products". As shown by the exception, the employes engaged in the delivery would come within the risk classification known as Class 811, Truckmen. See footnote 2. Truckmen, therefore, would be the governing classification for the employes of the sawmill and log-

ging operation who were actually engaged in the delivery of the mine ties and props, etc.

The criteria for the exceptions (as to "delivery" and "office employes", etc.), noted above, is not the fact that a particular job category might be less hazardous. The criteria is that the job category is of such a type as to be clearly defined and capable of uniform application for all risk classifications. The clerical, salesmen and truckmen risk exposure have the common characteristic that they are clearly definable and so consistent in their risk characteristic as to be capable of uniform application throughout several industrial groups of businesses. These categories have been given recognition by the bureau, incorporated in the rating manual, and approved by the Insurance Commissioner.

The rating manual of the Pennsylvania Compensation Rating Bureau, with its rate classifications, its exceptions, and its rules, was, prior to its adoption and promulgation, approved by the Insurance Commissioner of the Commonwealth of Pennsylvania under the authority contained in section 654 of The Insurance Company Law of 1921. See footnote 1. The classifications, exceptions and rules contained in the bureau's rating manual have been consistently applied for over 40 years with both tacit and express approval of the Pennsylvania Insurance Department. Thus, there has been a long existing interpretation and uniform application of the risk classifications applicable to workmen's compensation insurance in Pennsylvania. The following principle enunciated in the Pennsylvania Law Encyclopedia under the heading Administrative Law and Procedure is applicable to the present proceeding:

"Administrative Construction and Application of Statutes

"Administrative agencies may interpret or construe statutues which they are called on to administer

or enforce, and their interpretations are entitled to consideration, and even, it has been held, to great weight. Ordinarily, administrative interpretations will be held controlling and followed unless they are clearly wrong or unauthorized". 1 P. L. Encyc., Administrative Law and Procedure, p. 276, §28.

Also applicable is the following language appearing in the case of Longo Liquor License Case, 183 Pa. Superior Ct. 504 (1957). Therein the court, speaking through Judge Wright, at page 508, said:

" . . . the construction of a statute by those charged with its execution and application is entitled to great weight and should not be disregarded or overturned except for cogent reasons, and unless it is clear that such construction is erroneous. Federal Deposit Insurance Corp. v. Board of Finance and Revenue, 368 Pa. 463 [1951] . . . . See also Cammie v. I.T.E. Circuit Breaker Co., 151 Pa. Superior Ct. 246 [1943]. . . ."

We held in Insurance Department v. Johnson, 87 Dauph. 31 (1967), affirmed by the Superior Court in 211 Pa. Superior Ct. 138 (1967), that where an administrative agency is clothed with discretion in the discharge of its duty, the court will not interfere unless the record clearly establishes that there has been a violation of positive law or an arbitrary, capricious or unreasonable determination due to the absence of substantial evidence to support the findings. Judicial discretion may not be substituted for administrative discretion.

An examination of the record in this case fails to disclose any abuse of discretion by the Insurance Commissioner and we conclude the appeal must be dismissed and accordingly make the following

ORDER

And now, September 9, 1968, the appeal is dismissed at the cost of the appellant.