# Commonwealth v. Eberle

*Donald H. Poorman, deputy attorney general,* for the commonwealth.

*Edward F. Muller Jr.,* for defendant.

## FACTS

GAVIN, *J.,* January 30, 1989—Petitioner appeals from the imposition of a 55-day suspension imposed by the Department of Transportation pursuant to 75 Pa.C.S. §1539 as a result of incurring 11 points against his driver's license.[1]

---

1. *Offences* — *No. of Points*

(a) April 1985, from some prior offence petitioner had. — 1

(b) April 1985, speeding. — 5

Subtotal — 6

(c) May 1985, speeding. — 4

Subtotal — 10

(d) July 1985, petitioner took test as result of reaching 6 points in April and received a credit of — (−) 2

Subtotal — 8

(e) August 1985, petitioner given a department hearing and a 15-day suspension apparently as a result of having reached 6 points a second time.

(f) September 1985, petitioner appealed the suspension.

(g) April 1986, speeding. — 3

(h) August 1986, Petitioner receives notice of additional 3 points for April 1986 offence.

Subtotal — 11

As is evident from the footnote, petitioner had his license suspended in 1985 pursuant to 75 Pa.C.S. §1538 as a result of having incurred 6 points for a second time. Petitioner timely appealed from the imposition of that suspension and the matter lay dormant until March 1988, when the Court of Common Pleas of Delaware County sustained the appeal. The department thereafter imposed this suspension. Petitioner asserts that the department was required to proceed to impose the 55-day suspension on or after August 1986 and not on or after March 1988. Petitioner asserts that the department has violated 75 Pa.C.S. §1551 and that his appeal should be sustained.

## ISSUE

The resolution of this case depends on the interpretation of the relationship between 75 Pa.C.S. §§1550 and 1551. Section 1551 reads in pertinent part:

"The notification that the license or permit is suspended shall be made within six months following the conviction of a violation . . ." (emphasis supplied)

The department, by letter dated August 1986, timely notified petitioner that as a result of his April 1986 conviction an additional 3 points were being assessed. The department gave further notice that it would not move to suspend petitioner's license at that time because of the appeal pending in the Court of Common Pleas of Delaware County from the suspension imposed in August 1985.[2] The de-

2. Quoting the language of the department's August 1986 letter: "You may be subject to further action based on these points pending the outcome of your appeal to court." (emphasis supplied)

partment contends that it was prevented from imposing the mandated suspension by virtue of the supersedeas that followed from petitioner's appeal of the August 1985 suspension. The department argues that the language of 75 Pa.C.S. §1550 is clear, to wit:

"(b) *Supersedeas*—The filing of the petition shall operate as a supersedeas and *no* recall, suspension, cancellation or revocation *shall* be imposed against such person until final determination of the matter." (emphasis supplied)

There appears to be a conflict between the language "*no* recall, suspension, cancellation or revocation" and "until final determination of *the* matter." (emphasis supplied) "The matter" can only refer to the factual basis of the decision of the department that is being appealed. The difficulty revolves around the language "no recall" etc. If "no recall" refers to "the matter," the sentence makes sense, as clearly no suspension can be based on a matter under appeal. However, if "no recall" etc. refers to actions based on facts *other than* the facts constituting "the matter," the department is arguably prohibited from taking the mandatory action required by section 1551. This latter interpretation puts the department in the untenable position of being told to do two different things simultaneously and would, on the facts of this case, result in the department being penalized for electing to comply with one of two mandatory provisions.

Where statutory provisions are seemingly in conflict, I should first try to reconcile them if I can, having in mind the legislative intent. *Cammie v. I.T.E. Circuit Breaker Co.,* 151 Pa. Super. 246, 36 A.2d 225 (1943). Although the suspension here imposed is unaffected by the resolution of the fact situation that was the basis of the supersedeas, I

can readily imagine situations where that would not be the case. Obviously if a subsequent departmental action was based in whole or in part on a matter under appeal, the petitioner would be prejudiced and the supersedeas would be of no effect if section 1551 is the controlling provision. However, if "no recall" etc. is broadly read to cover departmental action for any reason, petitioners are afforded maximum protection and the department is not prejudiced. Accordingly, section 1551 must be read in conjunction with, and subordinate to, section 1550. This interpretation accomplishes the legislative intent of permitting judicial review while also permitting the department to suspend, etc., once that review has occurred.

The delay in the Court of Common Pleas of Delaware County is of no benefit to petitioner herein. Subsection (c) of section 1550 clearly envisioned a timely disposition of appeals from the department's action and it is clear that the department is not responsible for listing cases. *Department of Transportation, Bureau of Traffic Safety v. Frampton,* no. 625 CD 1988, filed December 1, 1988. Neither is the continuance requested by the department of any benefit to defendant, as it was up to the Court of Common Pleas of Delaware County to timely relist the matter. Petitioner argues that, having been compelled to await the action of the Court of Common Pleas of Delaware County, he has lost the opportunity to have annual point reductions. The simple answer to this complaint is that petitioner, as *the* most interested party, could have taken the laboring oar in moving the matter along. It is an all too common occurrence in license suspension appeals to encounter delays of the type encountered here. My own experience is that generally half the license suspension appeals listed are

continued. The department doesn't oppose the continuances, knowing that ultimately the matter will be resolved and that the suspension, if appropriate, will be imposed. Petitioners often instigate this practice as delay is generally beneficial to them in that they retain the right to drive in the interim, as did petitioner herein. Having had the benefit of delay, petitioner can now hardly be heard to complain about this adverse effect of the delay.

As I find the department acted properly, I enter the following

## ORDER

And now, January 30, 1989, petitioner's appeal is denied and the suspension imposed by the department is reinstated.